**SECURITIES & EXCHANGE COMMISSION**

v.

**KAYE, REAL & CO., Inc. et al.**

United States District Court,
S. D. New York.
July 26, 1954.

Francis J. Purcell and William D. Moran, New York City, for Securities & Exchange Commission, Esther Antell, New York City, of counsel.

Simon Klein, New York City, for Kaye, Real & Co., Inc. and John A. Kaye.

John T. Sullivan, New York City, for Stanwood Oil Corp.

DAWSON, District Judge.

This is a motion brought by plaintiff, the Securities and Exchange Commission, pursuant to Rule 56, 28 U.S.C.A., for summary judgment on the ground

that there is no genuine issue as to any material fact.

The complaint seeks a broad injunction which, among other things, will restrain the defendants from selling, or offering for sale, shares of the common stock of Stanwood Oil Corporation, or making misleading statements with reference thereto.

The complaint alleges that defendant John A. Kaye has, since January, 1951, controlled Stanwood Oil Corporation; and that the said John A. Kaye was, and is, President and principal stockholder of defendant Kaye, Real & Co., Inc., a company engaged as a broker and dealer in securities in New York, N. Y.

The complaint alleges that the defendants have been, since May 21, 1951, selling common stock of Stanwood Oil Corporation, and in connection with such sales, have used the mails and instrumentalities of communication in interstate commerce, and that no registration statement with respect to such securities is in effect with the Securities and Exchange Commission. The complaint further alleges that the defendants, in connection with such sales, have been making untrue statements of material facts to purchasers and prospective purchasers.

Simultaneously with the filing of the complaint herein, on December 17, 1953, plaintiff moved for a preliminary injunction, and after a hearing thereon, a preliminary injunction was entered against all the defendants on January 15, 1954. Answers were thereafter filed by the defendants.

On March 25, 1954, plaintiff, pursuant to Rule 36 of the Rules of Civil Procedure, served upon each of the attorneys for the respective defendants a Request for Admission of Facts. No sworn statement denying the matters of which an admission was requested has been served; no sworn statement · has been served indicating any reason why the defendants cannot truthfully admit or deny these matters; nor have any written objections been filed with reference to the Request. Stanwood Oil Corporation attempted to file an unsworn reply to certain of the items in the Request for Admission of Facts, which was rejected as not in compliance with the Rule. I afforded the attorney for this defendant time to have this reply verified, but he later reported to me that he was not filing any verified or sworn reply to the Request because he had not been able to get any person to verify it.

There has been no denial of the allegations of the complaint that the defendants have been engaged, since May 21, 1951, in the sale, by the mails and through the instrumentalities of interstate commerce, of the common stock of Stanwood Oil Corporation; that no registration statement has been in effect with reference to such stock; and that during at least a substantial period of time when such stock was being sold, defendant Kaye, who was the controlling stockholder and President of Kaye, Real & Co., Inc., was also President and controlling stockholder of Stanwood Oil Corporation.

The complaint alleges that in connection with the sale and distribution of such stock, numerous false and misleading statements were made by defendants in violation of the provisions of Section 17 of the Securities Act of 1933, 15 U.S.C.A. § 77q. The Request for Admission of Facts sets forth many statements alleged to have been made by, or on behalf of, the defendants which, if admitted, would establish that false and misleading statements were, in fact, made by the defendants in connection with the sale of such stock. Since the defendants have chosen not to admit or deny either the making of the statements or the facts which could establish the statements to be false, or to raise objections to the Request, this Court must, under Rule 36 of the Rules of Civil Practice, deem the facts to be admitted.

Plaintiff has not relied solely on the admissions to support its motion for summary judgment. By affidavits and documentary evidence submitted on the

motion, it furnishes other competent evidence, which is not substantially controverted, supporting the basic allegations of the complaint.

Based upon the uncontroverted evidence and the admissions resulting from the failure to serve any statements in response to the Request for Admission of Facts, the Court concludes that the following material facts exist without substantial controversy:

(1) That stock of Stanwood Oil Corporation was sold by the defendants through the mails and in interstate commerce after May 21, 1951.

(2) That no registration statement was in effect with reference to such stock.

(3) That the stock so sold was part of an original issue of Stanwood Oil Corporation, and was not exempt from registration under the provisions of the Securities Act of 1933.

(4) That John A. Kaye became President of Stanwood Oil Corporation in December, 1950 and remained as President until December, 1953, and was, during such time, a controlling stockholder of Stanwood Oil Corporation.

(5) That John A. Kaye was, in May, 1951 and thereafter, President and controlling stockholder of Kaye, Real & Co., Inc., a company engaged in business as a broker and dealer in securities in New York, N. Y.

(6) That Kaye, Real & Co., Inc., and John A. Kaye acquired substantial amounts of such stock from Stanwood Oil Corporation and sold such stock in a public distribution thereof and, in the course of such distribution, used the mails and the instrumentalities of communication in interstate commerce.

(7) That defendants made, or caused to be made, false and misleading statements to induce the purchase of such stock, and received money or property by means of untrue statements of material facts with reference to such stock and with reference to Stanwood Oil Corporation.

■ Under the provisions of Section 2 (11) of the Securities Act of 1933, 15 U.S.C.A. 77b(11), Kaye, Real & Co., Inc. was an "underwriter"; and Kaye, Real & Co., Inc. and John A. Kaye as persons directly or indirectly in control of Stanwood Oil Corporation, were issuers of the common stock of Stanwood Oil Corporation; and that, therefore, their transactions were not exempt from the registration provisions of Section 5 of the Securities Act, 15 U.S.C.A. § 77e. See Section 4 of the Act, 15 U.S.C.A. § 77d.

■ I find that the material facts alleged in the complaint exist without substantial controversy, and that the plaintiff is entitled to the issuance of an injunction under the provisions of Section 20 of the Securities Act of 1933, 15 U.S. C.A. § 77t.

The motion for summary judgment is granted.

The scope of the injunction prayed for in the complaint is probably broader than would be justified, inasmuch as in its present form, it would prohibit forever any sales of securities of Stanwood Oil Corporation, even though such securities should, in the future, be registered and be sold without any misrepresentations. I do not believe that such perpetual ban is needed, for it would visit upon future generations of stockholders punishment for the sins of their predecessors. I shall be glad to consider the form of injunction to be submitted upon the settlement of the order herein.

Settle order upon five days' notice in accordance with the foregoing opinion.